TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class Plaintiffs*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
TroyLaw@TroyPllc.Com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

QUAN LUO,
*on behalf of himself/themselves and others similarly*
*situated,*

Plaintiff(s),

v.

KAIYI INC.
    d/b/a Miyako Sushi,
XIANG ZHUANG CHEN, and
HANG YING LI a/k/a Jenny Li,

Defendant(s).
-------------------------------------------------------------x

**Case No: 18-cv-03101**

**<u>29 U.S.C. § 216(b)</u>**
**<u>COLLECTIVE ACTION &</u>**
**<u>F.R.C.P. 23 CLASS ACTION</u>**

**<u>COMPLAINT</u>**

     Plaintiff(s) QUAN (hereinafter referred to as "Plaintiff(s)"), on behalf of himself /themselves and other similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendant(s) KAIYI INC. d/b/a Miyako Sushi, XIANG ZHUANG CHEN, and HANG YING LI a/k/a Jenny Li (hereinafter referred to as "Defendant(s)").

**<u>INTRODUCTION</u>**

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) breach of implied contract for reimbursement of all costs and expenses of operating their

delivery vehicles on behalf of Defendants, (4) liquidated damages, (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

3.  Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq*. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants:  (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) breach of implied contract for reimbursement of all costs and expenses of operating their delivery vehicles on behalf of Defendants, (4) up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

## <u>JURISDICTION AND VENUE</u>

4.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331.

5.  This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), and has supplemental jurisdiction over the New York

Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## <u>PLAINTIFFS</u>

7. Plaintiff QUAN LUO was employed by Defendants KAIYI INC. d/b/a Miyako Sushi with a primary address of 642 Amsterdam Avenue, New York, NY 10025 as a deliveryman.

## <u>DEFENDANTS</u>

### *Corporate Defendants*

8. KAIYI INC. d/b/a Miyako Sushi is a domestic business corporation organized under the laws of the State of New York with a principal address at 642 Amsterdam Avenue, New York, NY 10025.

9. Upon information and belief, KAIYI INC. d/b/a Miyako Sushi is engage in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

10. Upon information and belief, KAIYI INC. d/b/a Miyako Sushi purchased and handled goods moved in interstate commerce.

### *Owner/ Operator Defendant*

11. The Individual Defendants are an officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendants KAIYI INC. d/b/a Miyako Sushi and as one of the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law.

12. Upon personal knowledge of Plaintiffs, Owner/Operator Defendant HANG YING LI a/k/a Jenny Li, known as "Lady Boss" to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at KAIYI INC. d/b/a Miyako Sushi located at 642 Amsterdam Avenue, New York, NY 10025.

13. Upon personal knowledge of Plaintiffs, Owner/Operator Defendant HANG YING LI a/k/a Jenny Li acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with KAIYI INC. d/b/a Miyako Sushi.

14. Upon personal knowledge of Plaintiffs, HANG YING LI a/k/a Jenny Li is the wife of XIANG ZHUANG CHEN and the mother of KAIYI CHEN, their daughter.

15. Upon personal knowledge of Plaintiffs, Owner/Operator Defendant XIANG ZHUANG CHEN, known as "Boss" to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at KAIYI INC. d/b/a Miyako Sushi located at 642 Amsterdam Avenue, New York, NY 10025.

16. Upon information and belief, Owner/Operator Defendant XIANG ZHUANG CHEN acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with KAIYI INC. d/b/a Miyako Sushi.

## STATEMENT OF FACTS

17. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the hourly minimum wage rate for each hour worked.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully due overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

20. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

21. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

22. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

23. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

24. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

25. Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL.

*Plaintiff QUAN LUO*

26. From on or about May 01, 2017 to April 5, 2018, 2014, Plaintiff QUAN LUO was employed by Owner/Operator Defendants to work as a deliveryman for KAIYI INC. d/b/a Miyako Sushi.

27. At all relevant times, Plaintiff QUAN LUO's work schedule ran from 11:30 to 23:00 PM or 12:00 to 23:30 four days except Tuesdays and Fridays, on which Plaintiff QUAN LUO worked from 17:00 to 23:00 Tuesday or 17:00 to 11:30 Friday, for a total of fifty-eight and half (58.5) hours per workweek from May 01, 2017 till August 31, 2017.

28. At all relevant times, Plaintiff QUAN LUO's work schedule ran from 17:00 to 23:00 three half day on Monday, Wednesday and Thursday except Fridays, on which Plaintiff QUAN LUO worked from 17:00 to 23:30 Friday, for a total of twenty-four and half (24.5) hours per workweek from September 01, 2017 till February 16, 2018.

29. At all relevant times, Plaintiff QUAN LUO was not given a fixed meal break.

30. At all relevant times, Plaintiff QUAN LUO ate his meals in ten (10) minutes.

31. At all relevant times, Plaintiff QUAN LUO was not given a fixed time for lunch or dinner. He had to eat his meal in ten (10) minutes while on duty. If a delivery order comes in, his meal period ends and he goes to deliver.

32. At all relevant times, Plaintiff QUAN LUO was not given a break during his work hours.

33. At all relevant times, Plaintiff QUAN LUO was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

34. Defendants never informed Plaintiff QUAN LUO that they were taking tip credit towards the minimum wage.

35. Further, Plaintiff QUAN LUO had to do side jobs which include, but are not limited to,

cutting cardboard for the delivery bags, preparing the salad, making the salad sauce, moving

the restaurant goods to the restaurant and mopping the restaurant floor.

36. As a result, Plaintiff QUAN LUO's non-tipped work exceeded two hours or twenty percent

(20%) of his workday.

37. During the period of employment, Defendants paid Plaintiff QUAN LUO a flat rate of fifty

dollars ($50) for a whole day and of thirty dollars ($30) for half day in cash.

38. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff QUAN

LUO his lawfully owed overtime compensation of one and one half times (1.5x) their

regular rate of pay for all hours worked over forty (40) in a given workweek.

39. While employed by Defendants, Plaintiff QUAN LUO was not exempt under federal and

state laws requiring employers to pay employees overtime.

40. Defendants required Plaintiff QUAN LUO to shoulder Defendants' business expenses,

including expending out-of-pocket and unreimbursed gasoline and motorcycle expenses as a

requirement for employment.

41. Plaintiff QUAN LUO drove his motorcycle an average of fifty (50) to sixty (60) miles a day

to perform deliveries for the sole benefit of the Defendants.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs bring this action individually and as class representative individually and on behalf

of all other and former non-exempt employees who have been or were employed by the

Defendants for up to the last three (3) years, through entry of judgment in this case (the

"Collective Action Period") and whom were not compensated at least the hourly minimum

wage and/or overtime compensation for all hours worked in excess of forty (40) hours per

week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

43. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

44. All said persons, including Plaintiffs, are referred to herein as the "Class."

45. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

46. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are over forty (40) members in the class.

*Commonality*

47. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a.   Whether Defendants employed Plaintiffs and the Class within the meaning of

the New York law;

b.  Whether Defendants wrongfully shifted its business expenses to Plaintiffs and New York class members by demanding that they bear delivery expenses of the employer;

c.  Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

d.  Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

e.  Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

f.  Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

g.  Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

h.  Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday; and

i.  At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

***Typicality***

48. Plaintiffs' claims are typical of those claims which could be alleged by any member of the

Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

49. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

*Superiority*

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the

expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

51. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**STATEMENT OF CLAIMS**

## COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

52. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

53. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

54. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage Brought on behalf of Plaintiffs and Rule 23 Class]

56. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

58. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

59. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

60. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

### COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective]

61. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

62. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

63. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

64. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

65. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and

Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

66. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

67. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

68. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV.
### [Violation of New York Labor Law—Overtime Pay Brought on behalf of Plaintiffs and Rule 23 Class]

69. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

70. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

71. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime

compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the

class are entitled to.

72. Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

73. Defendants' failure to pay Plaintiffs were not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiffs and Rule 23 Class]

74. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set

forth herein.

75. The NYLL requires employers to pay an extra hour's pay for every day that an employee

works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et

seq.*, and New York State Department of Labor regulations §146-1.6.

76. Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Motor
### Vehicle, including Depreciation, Insurance, Maintenance and Repairs]

77. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set

forth herein.

78. Throughout the relevant period, Defendants required their deliverymen to bear all of the

"out-of-pocket" costs associated with their delivery vehicle, including the purchase,

maintenance, repair, maintenance of a delivery motor vehicle and/or an electricity bicycle.

79. Based on their personal experience and available information, Plaintiff(s) QUAN LUO, can

document actual "out-of-pocket" vehicle related expenses of their motor vehicle.

80. The conduct of Defendants, and the course of Defendant's conduct between the parties,

evidenced an intent for Plaintiffs to maintain the motor vehicle in working condition.

81. Plaintiffs purchased, maintained and repaired the motor vehicle at their own expense.

82. Plaintiffs performed these deliveries for the sole benefit of the Defendants.

83. Defendants neither explicitly nor implicitly requested Plaintiffs to cease the purchase of gasoline and/or the car maintenance.

84. The IRS has published a standard mileage rate used to calculate the costs of operating an automobile for business purposes.

85. In 2013, the IRS standard mileage rate for the use of a car is 56.5 cents per mile for business miles driven.

86. In 2014, the IRS standard mileage rate for the use of a car is 56 cents per mile for business miles driven.

87. In 2015, the IRS standard mileage rate for the use of a car is 57.5 cents per mile for business miles driven.

88. In 2016, the IRS standard mileage rate for the use of a car is 54 cents per mile for business miles driven.

89. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for motor vehicle purchase and maintenance in exchange for compensation from Defendants for such expenses.

90. Defendants owe Plaintiffs their overdue costs of maintaining motor vehicle for Defendants' benefit.

## COUNT VII.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs]

91. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

93. Based on their personal experience and available information, Plaintiffs CHANGREN ZOU and WEI SHI can document actual "out-of-pocket" vehicle related expenses of his electric bicycle/ delivery vehicle.

94. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiffs to maintain the delivery vehicle in working condition.

95. Plaintiffs purchased, maintained and repaired the electric bicycle at his own expense.

96. Plaintiffs performed these deliveries for the sole benefit of the Defendants.

97. Defendants neither explicitly nor implicitly requested Plaintiffs to cease the purchase of gasoline and/or the maintenance of the vehicle.

98. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

99. Defendants never compensated Plaintiffs for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiffs a reasonable sum under the afore-alleged facts.

100.   Defendants owe Plaintiffs his overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Meal Periods Brought on behalf of Plaintiffs and Rule 23 Class]

101.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

102.   The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL§ 162.

103.   Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiffs and the Rule 23 class work or worked.

104.   Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

105.   Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT IX.
### [Violation of New York Labor Law—Record-Keeping Requirements Brought on behalf of Plaintiffs and Rule 23 Class]

106.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

107.  Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

108.  As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

109.  Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

110.  Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT X.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiffs and Rule 23 Class]

111.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

112.  The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

113.  Defendants intentionally failed to provide notice to employees in violation of New York

Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

114.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

115.    Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT XI.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiffs and Rule 23 Class]

116.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

117.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

118.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiffs, and did not provide the paystub on or after each Plaintiffs' payday.

119.    Due to Defendants' violations of New York Labor Law, each Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiffs together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT XII.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434
### Brought on behalf of the Plaintiffs]

120.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

121.  26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

122.  Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## COUNT XIII.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General
### Business Law §349
### Brought on behalf of the Plaintiffs]

123.  Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

124.  NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

125.  Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

126.  Plaintiffs demand the right to examine, in person or by attorney, the minutes of the

proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)  An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)  Up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)  Up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)  Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated drivers in the purchase, maintenance and repair of their motor vehicles as drivers in direct service of Defendant Corporations;

k)  An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

l)    An award of costs and expenses of this action together with reasonable attorneys' and

       expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)    The cost and disbursements of this action;

n)    An award of prejudgment and post-judgment fees;

o)    Providing that if any amounts remain unpaid upon the expiration of ninety days

       following the issuance of judgment, or ninety days after expiration of the time to

       appeal and no appeal is then pending, whichever is later, the total amount of judgment

       shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)    Such other and further legal and equitable relief as this Court deems necessary, just,

       and proper.

Dated: Flushing, New York
April 8, 2018

                                    TROY LAW, PLLC
                                    *Attorneys for the Plaintiffs, proposed FLSA*
                                    *Collective and Proposed Class Plaintiffs*


                                      /s/ John Troy
                                    John Troy (JT0481)
                                    41-25 Kissena Boulevard Suite 119
                                    Flushing, NY 11355
                                    Tel: (718) 762-1324
                                    Email: johntroy@troypllc.com