```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
QUAN LUO, on behalf of himself/themselves and others             :
similarly situated,                                              :
                                                                 :
                                        Plaintiff,               :        18-CV-3101 (JMF)
                                                                 :
                -v-                                              :        OPINION AND ORDER
                                                                 :
KAIYI INC. d/b/a MIYAKO SUSHI et al.,                            :
                                                                 :
                                        Defendants.              :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On April 8, 2018, Plaintiff Quan Luo filed this lawsuit against Defendants Kaiyi Inc. (which does or did business as Miyako Sushi), Xiang Zhuang Chen, and Hang Ying Li (also known as Jenny Li), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 206, and New York law. *See* ECF No. 1 ("Compl."). On July 25, 2018, Luo filed proof of service on each Defendant. *See* ECF Nos. 8-10. When Defendants failed to appear or answer, Luo filed a motion for default judgment, *see* ECF No. 25, which he served on Defendants by overnight courier on October 15, 2018, *see* ECF Nos. 28-30. On October 16, 2018, the Court entered an order scheduling a default judgment hearing for October 25, 2018, *see* ECF No. 31, which Luo served on Defendants by mail later that same day, *see* ECF Nos. 32-34. On October 25, 2018, the Court held a default judgment hearing, at which Defendants did not appear. *See* Minute Entry of Oct. 25, 2018. The same day, the Court entered a Default Judgment finding Defendants jointly and severally liable for $46,074.56 in damages and penalties, $6,157.58 in pre-judgment interest, and post-judgment interest, as well as attorney's fees and costs. *See* ECF No. 37.

Almost six years later, on September 23, 2024, Defendant Li, proceeding without counsel, filed a motion, ostensibly on behalf of both herself and her husband, Defendant Chen. *See* ECF No. 43 ("Def. Mot."). On its face, the motion "oppose[s]" certain judgment collection efforts by Luo, but it effectively seeks to vacate the Default Judgment. *See id.* In a supporting declaration and affidavit, Li and Chen claim that they were never served with, and had no notice of, Luo's summons and Complaint. *See* ECF No. 44, at 1-3 ("Li Decl."), ¶¶ 1-5, 10-11; ECF No. 44, at 9 ("Chen Aff."), ¶¶ 1-4. In response, Luo cited the proofs of service and submitted new evidence — including photographs — showing that his counsel, John Troy, personally served the summons and Complaint on Chen, in Li's presence, outside of Troy's office, where Chen was deposed on July 20, 2018, in connection with another lawsuit. *See* ECF No. 50 ("Pl.'s Opp'n"), at 1-2; *see also* ECF Nos. 8-10, 50-3, 50-4. The evidence also indicates that Giacchino J. Russo, Defendants' lawyer in that other lawsuit, reviewed the summons and Complaint served in this case. *See* Pl.'s Opp'n 2; ECF Nos. 50-3, 50-4. Thereafter, Troy also mailed a copy of the summons and Complaint to Defendants at 940 55th Street in Brooklyn, New York. *See* Pl.'s Opp'n 2; *see also* ECF Nos. 8-10.[1]

In light of the fact that Li and Chen are unrepresented by counsel, the Court treats their motion as a motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to vacate the

---

[1] On October 23, 2024, Li filed a second motion that, at bottom, sought the same relief. *See* ECF No. 53. In response, the Court issued an Order directing Defendants to show cause why their second motion should not be stricken as improper. *See* ECF No. 55. On November 13, 2024, Li filed a response, but the response did not attempt to show cause why the second motion should be considered. *See* ECF No. 56. Instead, it argued once again for vacatur of the Default Judgment and added some new allegations (namely, that Troy had physically assaulted Li and Chen after the July 20, 2018 deposition) and supporting documents. *See id.* In Orders entered on November 14 and 15, 2024, the Court indicated that it would disregard Li's October 23, 2024 motion and her November 13, 2024 filing. *See* ECF Nos. 57-58. In any event, these filings would not affect the Court's analysis or conclusions below. (Li's new allegations are certainly disturbing, but they do not speak directly to the issue of whether Defendants were served.)

Default Judgment.  Significantly, the Court does not treat the motion as having been filed on behalf of Defendant Kaiyi Inc. itself.  For one thing, Li does not purport to bring the motion on the corporate entity's behalf.  For another, it is well established that a corporate entity may appear in federal court only through counsel.  *See, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam).  Strictly speaking, Li, as a non-lawyer, may not represent Chen either — even though Chen appears to have granted her "power of attorney."  *See* ECF No. 44, at 5; *see also, e.g.*, *Linder v. City of New York*, No. 18-CV-8573 (CM), 2018 WL 11296874, at *1 (S.D.N.Y. Oct. 1, 2018) (holding that a pro se litigant cannot raise claims on behalf of another, even by way of a power of attorney and citing cases).  That said, the motion papers include a sworn affidavit from Chen.  *See* Chen Aff.  In view of their *pro se* statuses, therefore, the Court treats the motion as having been jointly filed by Li and Chen.  *See, e.g.*, *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) ("It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants," which "most often consists of liberal construction of pleadings, motion papers, and appellate briefs, and includes leniency in the application of procedural rules." (cleaned up)).

For the reasons that follow, the Court GRANTS the motion as to Li because it finds that Luo did not properly serve her with the summons and Complaint.  By contrast, the Court finds that Luo did properly serve Chen and, thus, DENIES the motion as to him.

## APPLICABLE LAW

A Rule 60(b) "motion to vacate a default judgment is addressed to the sound discretion of the district court." *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *see, e.g. Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993).  Significantly, however, the Second Circuit has "expressed a strong 'preference for resolving disputes on the merits.'" *New York v. Green*, 420

3

F.3d 99, 104 (2d Cir. 2005) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)). Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96. Moreover, when a party held in default appears without counsel, as here, the party "is afforded extra leeway in meeting the procedural rules governing litigation." *Id.*; *see also id.* ("[A]s a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*."); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). That said, *pro se* litigants must still provide "highly convincing" evidence in support of a Rule 60(b) motion. *See Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003).

Two subsections of Rule 60(b) are potentially relevant here. The first and more obvious fit is Rule 60(b)(4), which allows a court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error" — such as a failure to serve — "or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Rule 60(b)(4) motions must be made within a "reasonable time," Fed. R. Civ. P. 60(c)(1), but "it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void may be made at any time," *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997) (internal quotation marks omitted). Significantly, relief under Rule 60(b)(4) — unlike other provisions of Rule 60(b) — is not discretionary. *See, e.g.*, *Loc. 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Const., Inc.*, No. 01-CV-5589 (JGK), 2003 WL 22052872, at *3 (S.D.N.Y. Sept. 2, 2003) ("[I]f a judgment entered against the moving party is void, the Court has no

discretion and the 60(b)(4) motion must be granted"); *see also Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980).  That said, if the defendant "had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005).

In order to "resolv[e] motions to vacate default judgments based on improper service, courts consider affidavits or declarations submitted by the parties." *Williams v. Miracle Mile Props. 2 LLC*, No. 20-CV-3127 (JS) (ARL), 2024 WL 3878826, at *5 (E.D.N.Y. June 21, 2024), *report and recommendation adopted*, 2022 WL 22866394 (E.D.N.Y. July 15, 2024).  Under New York law, a process server's affidavit establishes a presumption of proper service. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (per curiam).  In general, "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing." *Id.* Significantly, however, if a defendant "fails to swear to 'specific facts to rebut the statements in the process server's affidavits[,]'" then "no hearing is required." *Id.* at 58 (internal quotation marks omitted); *see also Nyctl 1997-1 Tr. v. Nillas*, 732 N.Y.S.2d 872, 873 (2001) (finding that the defendant did not rebut the presumption of proper service where she "failed to substantiate her claim that she was not at the place of service when service was made").  A "general denial[]" of receipt is not sufficient "to rise to the level of specific facts necessary to warrant an evidentiary hearing." *Cablevision Sys. N.Y.C. Corp. v. Okolo*, 197 F. App'x 61, 62 (2d Cir. 2006) (summary order) (internal quotation marks omitted); *see also Engel v. Lichterman*, 467 N.Y.S.2d 642, 644 (2d Dep't 1983) ("[T]he mere denial of receipt . . . is insufficient to overcome

the presumption of delivery and trigger the need for a hearing."), *aff'd sub nom. Engel by Engel v. Lichterman*, 467 N.Y.S.2d 642, 645 (1984).

Li's and Chen's motion could arguably also be construed as a motion for relief under Rule 60(b)(6), which allows a court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).[2] Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted). In deciding a motion to vacate a default judgment under Rule 60(b)(6), a court is "guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004) (quoting *McNulty*, 137 F.3d at 738). A motion under Rule 60(b)(6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

## DISCUSSION

Although Chen and Li jointly move to vacate the Default Judgment, the critical issue is service and, thus, the Court must consider them separately. The Court begins with Chen.

---

[2] By contrast, subsections (1), (2), and (3) of Rule 60(b) are of no help to Li and Chen because, among other things, a motion made under any of these subsections must be filed within a year of entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). And Rule 60(b)(5) — which provides for relief where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable" — is inapplicable. *See* Fed. R. Civ. P. 60(b)(5).

### A.  Chen

There is no basis to grant relief to Chen under Rule 60(b)(4).  Luo's counsel, Troy, affirms that he personally served the summons and Complaint on Chen following Chen's deposition in another lawsuit outside of Troy's office on July 20, 2018.  *See* Pl.'s Opp'n 1-2. That representation is supported by Troy's sworn proof of service, *see* ECF No. 9, and what appears to be a surveillance camera photograph, *see* ECF No. 50-3.  And personal service is plainly proper service under Rule 4 Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(e)(2)(A) ("[A]n individual . . . may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally.").  In the face of this proof, which creates a presumption of proper service, *see Old Republic Ins.*, 301 F.3d at 57, Chen offers only a general denial, *see* Chen Aff. ¶¶ 1-4; *see also* Li Decl. ¶¶ 1-5, 10-11, and the fact that, following the proceeding at Troy's office on July 20, 2018, he and Li "went back to China to take care of their gravely ill mother" and were "unable to resettle in NYC until August of 2024" due to the COVID-19 pandemic, Li Decl. ¶¶ 7, 12-13.  The latter, however, is a non sequitur; the fact that Chen left the country obviously has no bearing on whether, before his departure, he was properly served.  And the former "is insufficient to overcome the presumption of delivery and trigger the need for a hearing." *Engel*, 467 N.Y.S.2d at 644.  Accordingly, the Court had jurisdiction over Chen and he is not entitled to relief under Rule 60(b)(4).

Nor is there a basis to grant Chen relief under Rule 60(b)(6).  For one thing, Rule 60(b)(6) is unavailable because "the asserted ground for relief (improper service) is encompassed by Rule 60(b)(4)." *Orix Fin. Servs., Inc. v. 1st Choice Freight Sys., Inc.*, No. 03-CV-9296 (RMB), 2006 WL 2168332, at *2 (S.D.N.Y. July 31, 2006).  For another, Chen failed to bring his motion within a "reasonable time."  Fed. R. Civ. P. 60(c)(1); *see, e.g.*, *Abdullah v. Direct*

7

*Model Mgmt., Inc.*, No. 15-CV-3100 (JMF), 2018 WL 1750598, at *2 (S.D.N.Y. Apr. 11, 2018) (finding that a Rule 60(b)(6) motion was untimely where the defendant "took no steps to find out the status of the case — let alone defend it — for nearly two years" after receiving notice of the case); *Fustok v. ContiCommodity Servs., Inc.*, 122 F.R.D. 151, 158-59 (S.D.N.Y. 1988) (finding a delay of nearly two years unreasonable), *aff'd*, 873 F.2d 38 (2d Cir. 1989). And regardless, all three of the relevant factors weigh against granting Chen relief. First, his "failure to answer the complaint and respond to a motion for default judgment demonstrates willfulness." *Murphy v. Snyder*, No. 10-CV-1513 (JS) (AKT), 2013 WL 934603, at *6 (E.D.N.Y. Mar. 8, 2013), *report and recommendation adopted*, 2013 WL 1335757 (E.D.N.Y. Mar. 29, 2013). Second, Chen does not "present evidence of facts that, if proven at trial, would constitute a complete defense." *McNulty*, 137 F.3d at 740 (internal quotation marks and citation omitted). And third, given the six years that have passed since entry of the Default Judgment, vacating the Default Judgment would plainly result in prejudice to Luo. *See, e.g.*, *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (providing that a non-defaulting party may be prejudiced where delay "will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion").

Accordingly, Chen's motion to vacate the Default Judgment must be and is DENIED.[3]

---

[3] As noted above, the Court construes Li's and Chen's motion to have been made only on behalf of Li and Chen, not on behalf of Kaiyi Inc. In any event, Kaiyi Inc. would not be entitled to relief either, as service of the summons and Complaint on Chen — the President of Kaiyi Inc. — constituted proper service on Kaiyi Inc. under Rule 4 and New York law. *See* ECF No. 8; *see also* Fed. R. Civ. P. 4(h)(1)(B) (providing that service on a corporation may be made "by delivering a copy of the summons and of the complaint to an officer"); *see also Georgiu v. Sterling Mounting & Finishing*, 1 F. App'x 47, 49 (2d Cir. 2001) (summary order); *Felton v. Monroe Cmty. Coll.*, 528 F. Supp. 3d 122, 133 (W.D.N.Y. 2021).

**B.  Li**

By contrast, the Court concludes that Li is entitled to relief under Rule 60(b)(4).  Luo maintains that service on Li was proper because "process was served upon Chen," with Li close by, "and reviewed by Russo."  Pl.'s Opp'n 5.  Citing Rule 4(e)(2)(C) — which provides that service on an individual may be made by delivery "to an agent authorized by appointment or by law to receive service of process" — Luo contends that service on Chen and review by Russo sufficed because "Chen (as her husband) and Russo (as her lawyer as of July 20, 2018 . . . ), were authorized by appointment or by law to receive service of process on her behalf."  Pl.'s Opp'n 5.[4]  But "marriage, by itself, does not confer an agency relationship on the spouse, for service or for other legal matters."  *Cohen v. Skepple*, No. 2011-0076, 2012 WL 3779645, at *3 (D.V.I. Aug. 31, 2012); *accord Austin v. Robinson*, No. 22-CV-00823-RMR-MDB, 2023 WL 1069488, at *4 n.2 (D. Colo. Jan. 27, 2023).[5]  And "review[]" does not qualify as "deliver[y]" for purposes of Rule 4(e)(2)(C) and, even if it did, there is no evidence that Russo was authorized to accept service on Li's behalf, let alone to do so in *this* case.  *See, e.g.*, *Santos v. State Farm Fire & Cas.*

---

[4]  Luo cites Rule 5(b)(1) as well, *see* Pl.'s Opp'n 5, but that Rule "governs the manner in which parties not yet in default shall be served with all papers and pleadings *subsequent to the service of the summons and the original complaint*," *Cont'l Indem. Co. v. Bulson Mgmt., LLC*, No. 20-CV-3479 (JMF), 2022 WL 1747780, at *2 (S.D.N.Y. May 31, 2022) (emphasis added) (internal quotation marks omitted), and thus is irrelevant here.

[5]  Had the summons and Complaint been delivered to Chen at Li's residence or business, service might well have been proper as to Li under Rule 4(e)(2)(B) and New York law.  *See* Fed. R. Civ. P. 4(e)(2)(B) (providing that an individual may be served by "leaving a copy of [the summons and Complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."); N.Y. C.P.L.R. § 308(2) (authorizing service "within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by mailing the summons to the person to be served).  But Chen was served at Troy's business address.  And in any event, Luo cites only Rule 4(e)(2)(C) and, thus, has forfeited any argument that service on Li was proper under another provision of Rule 4 or New York law.  *See, e.g.*, *Grytsyk v. Morales*, 527 F. Supp. 3d. 639, 650-51 (S.D.N.Y. 2021).

9

*Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990)("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective."); *Labombard v. City of New York*, No. 22-CV-02196 (LJL), 2023 WL 3841858, at *2 (S.D.N.Y. June 6, 2023) ("An attorney, solely by reason of his capacity as an attorney, does not thereby become his client's agent authorized by appointment to receive service of process." (cleaned up)); *Yamano v. Hawaii Judiciary*, No. CV 18-00078 SOM-RLP, 2018 WL 3431921, at *8 (D. Haw. July 16, 2018) ("Representation by certain counsel in an earlier lawsuit does not necessarily indicate authorization to accept service in future, separate suits."), *aff'd*, 765 F. App'x 198 (9th Cir. 2019).

It follows that service was improper as to Li, that the Court lacked jurisdiction over her, and that the Default Judgement must be vacated as void as to her. That is true even though, as Luo argues, Li had actual notice of this case. *See* Pl.'s Opp'n 5. The fact that Li undoubtedly had notice shifts the burden of proof to her to "establish that the purported service did not occur," *see Burda Media, Inc.*, 417 F.3d at 299, but she carries that burden because, for the reasons discussed above, the undisputed facts in the record make plain that service was not actually proper as to Li. Beyond that, it is well established that notice, constructive or actual, "does not render [a] void judgment valid." *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 386 (S.D.N.Y. 1986); *see Weingeist v. Tropix Media & Ent.*, No. 20-CV-275 (ER), 2022 WL 970589, at *4 (S.D.N.Y. Mar. 30, 2022) ("'A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected,' and 'actual notice of suit [cannot] cure a failure to comply with the statutory requirements for serving process.'" (quoting *Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order)). Thus, the fact that Li almost certainly knew about this case does not render the Default Judgment valid as to her. Accordingly, the Default Judgment must be and is vacated as to Li.

## CONCLUSION

For the foregoing reasons, Defendants' motion to vacate the Default Judgment is GRANTED as to Li and DENIED as to Chen (and Kaiyi Inc.).  No later than **December 13, 2024**, Luo and Li shall each file letters, not to exceed three pages, indicating next steps in the case, including (1) whether Luo needs to serve Li now or whether she should be deemed to have been served and answered, *see* ECF No. 54, at 31; and (2) whether the Court should refer the case to the assigned Magistrate Judge for an immediate settlement conference.

The Clerk of Court is directed to reopen the case as to Defendant Hang Ying Li (also known as Jenny Li), to mail this Opinion and Order to Defendant Xiang Zhuang Chen at 14 Aberdeen Road, Westbury, NY 11590, and terminate ECF No. 43.

SO ORDERED.

Dated: November 27, 2024
      New York, New York

                                                 JESSE M. FURMAN
                                              United States District Judge