```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
QUAN LUO, on behalf of himself/themselves and others                    :
similarly situated,                                                     :
                                                                        :
                                                                        :    18-CV-3101 (JMF)
                                      Plaintiff,                        :
                                                                        :    NOTICE OF INITIAL
             -v-                                                        :    PRETRIAL CONFERENCE
                                                                        :    IN PRO SE ACTION
HANG YING LI a/k/a JENNI LI,                                            :
                                                                        :
                                      Defendant.                        :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In light of Defendant's Proposed Case Management Letter, *see* ECF No. 61, at 1, the Court deems the Complaint to have been served on her and answered by her. The Court agrees that the parties should make an effort to settle their dispute before beginning discovery and proceeding with further litigation. To that end, by separate Order to be entered today, the Court is referring this case to Magistrate Judge Henry J. Ricardo for settlement. The parties must contact his Chambers no later than **December 20, 2024**, to schedule a settlement conference to be held as soon as his schedule permits. When the parties schedule a settlement conference, Plaintiff should promptly alert the Court so the Court can assess whether the date for the initial pretrial conference, discussed below, should be adjusted.

Unless and until the Court orders otherwise, the parties shall appear for an initial pretrial conference with the Court on **February 4, 2025**, at **9:00 a.m.** The conference will be held remotely by telephone. The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again. **In light of the fact that Defendant is unrepresented by counsel, all parties must familiarize themselves with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which are attached to this Order and available at https://nysd.uscourts.gov/judge/Furman.** Absent leave of Court obtained by letter-motion filed before the conference, counseled parties must be represented at all pretrial conferences by the attorney who will serve as principal trial counsel.

The Court will set a schedule for the case at the initial case management conference. In most cases, the Court will give the parties four months (from the date of the conference) to complete all discovery, and set a deadline for the filing of any motions for summary judgment 30 days after the close of discovery. In advance of the initial case management conference, the parties should, if practicable, confer with one another to determine if such a schedule would be appropriate or if there is anything unusual about the case that would require more time and be prepared to discuss those issues at the conference. The Court will issue a written order memorializing all dates and deadlines following the conference.

Attached to this Order is a Discovery Guide prepared by the Court that provides a basic overview of discovery procedures and the initial pretrial conference. The Court strongly advises Defendant to read the Guide in advance of conferring with Plaintiff and in advance of the initial pretrial conference. The Guide is provided only for informational purposes, and does not override or replace any orders of the Court or rules that apply to this case.

The parties are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. IT IS FURTHER ORDERED that by **Thursday of the week prior to the initial pretrial conference**, the parties each submit a letter, not to exceed five (5) pages, providing the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;

(2) A brief explanation of why jurisdiction and venue lie in this Court.

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

Pursuant to the Court's Individual Rules and Practices in Civil *Pro Se* Cases, a copy of which is attached to this Order, all communications with the Court by a *pro se* party — including the aforementioned letter — should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); or (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500

Pearl Street, New York, New York 10007.[1]  No documents or court filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

There is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers.  The Clinic may be able to provide Defendant with advice in connection with this case.  The *Pro Se* Law Clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit).  To receive limited-scope assistance from the clinic, Defendant should make an appointment by completing the CBJC's online intake form, located at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.

If this case has been settled or otherwise terminated, counsel and any *pro se* party are not required to submit such letters or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, requests for an extension or adjournment made by counsel with access to ECF may be made only by letter-motion filed on ECF.  Requests for an extension or an adjournment made by a *pro se* party may be made by letter.  All such requests must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel and any *pro se* party are notified that the conference has been adjourned, it will be held as scheduled.

The Clerk of Court is directed to terminate ECF No. 60 and to flag this case as a *pro se* matter given that Defendant is proceeding *pro se*.

SO ORDERED.

Dated: December 17, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]  In the alternative, the Court's Individual Rules and Practices provide instructions for delivering communications to the *Pro Se* Intake Unit by hand.  Additionally, as noted in the Court's Individual Rules and Practices, a *pro se* party may move for leave to participate as an ECF filer; if granted leave, the *pro se* party can file documents on ECF.