UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
QUAN LUO, *on behalf of himself and others similarly situated*,    :
:
Plaintiff,    :    18-CV-3101 (JMF)
:
-v-    :    SCHEDULING ORDER
:    AND ORDER GRANTING
HANG YING LI a/k/a JENNY LI,    :    FULL SCOPE
:    PRO BONO COUNSEL
Defendant.    :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On April 8, 2018, Plaintiff Quan Luo filed this lawsuit against Defendants Kaiyi Inc., Xiang Zhuang Chen, and Hang Ying Li (also known as Jenny Li), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 206, and New York law. *See* ECF No. 1 ("Compl."). After Defendants failed to appear or answer, the Court entered a Default Judgment finding Defendants jointly and severally liable for $46,074.56 in damages and penalties, $6,157.58 in pre-judgment interest, and post-judgment interest, as well as attorney's fees and costs. *See* ECF No. 37. Almost six years later, on September 23, 2024, Li, proceeding without counsel, filed a motion that the Court construed as a motion to vacate the Default Judgment. *See* ECF No. 43. On November 27, 2024, the Court granted that motion as to Li and vacated the Default Judgment against her. *See* ECF No. 59. Since the judgment was vacated, Li has been attempting to litigate this case without counsel despite a lack of legal experience and limited English-language skills.

Earlier today, the Court held a conference with the parties, at which Li was aided by a friend who tried to translate on her behalf. Due to the difficulty of communicating with Li, even with the friend, the Court ended the conference and indicated that it would issue this Order

setting a schedule for discovery and for the next stage of this case. Additionally, pursuant to its authority under 28 U.S.C. § 1915(e)(1), the Court also directs the Clerk of Court to attempt to locate pro bono counsel to represent Plaintiff, **ideally one who can communicate with Ms. Li in Mandarin Chinese**.

## APPOINTMENT OF PRO BONO COUNSEL

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, indigent litigants are not entitled to counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for an indigent litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The Court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

As a preliminary matter, at the pretrial conference held earlier today, the Court asked Li whether she had attempted to find counsel. Li responded that she had not because she could not afford counsel. The Court accepts her representation and therefore finds that she qualifies as indigent. In addition, in light of the above procedural history and the lack of progress at conferences so far, the Court believes that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. As to whether Li's claims are "likely to be of substance," *id.* at 61-62, Li and Plaintiff's counsel disputed at the conference today whether Li can be liable under the FLSA given her representation that she was not an owner of the business that employed Plaintiff. Although the Court intimates no view on the merits (except to say that Plaintiff is correct that someone can qualify as an "employer" for purposes of the FLSA and the New York Labor Law even if one is not an owner of the relevant business), the Court at least believes that Li would not be able to adequately present it without the assistance of counsel. Finally, Li's inability to communicate with the Court thus far, the complexity of the case's procedural history — for example, the default judgment still enforceable against Li's husband and the business at issue, and Li's difficulty, apparent at the conference

3

today, in understanding that the default against her has already been vacated — and the difficulties presented by the fact that this litigation is now in its seventh year, all present "special reason[s] . . . why appointment of counsel" in this case "would be more likely to lead to a just determination." *Id.* at 61.  In short, the *Hodge* factors weigh in favor of appointing counsel for Li, and the Court will therefore attempt to do so.  Such counsel would be appointed for all purposes — including settlement, discovery, and trial.

The Court advises Li that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Li.  If an attorney volunteers, the attorney will contact Li directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and Li should be prepared to proceed with the case without counsel.  The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants.  The Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

## DISCOVERY

In addition, it is hereby ORDERED that the deadline for all discovery in this matter, whether by interrogatories, depositions, or production of documents, is **six months from the date of this Order**.

It is further ORDERED that any motion for summary judgment must be filed and served within **30 days of the close of discovery**.  If a motion is filed, any opposition must be filed and served within **30 days** of the motion being filed.  Reply papers, if any, must be filed and served within **two weeks** of the opposition is filed.  If Plaintiff files a motion for summary judgment and if at that time Defendant is still proceeding *pro se*, Plaintiff shall provide Defendant with a "Notice For *Pro Se* Litigants Regarding Opposition to a Summary Judgment Motion" pursuant to

4

Local Civil Rule 56.2.  At the time any reply is served, the moving party shall supply the Court with one courtesy hard copy of all motion papers by mailing or delivering them to the United States Courthouse, 40 Centre St., New York, New York.

It is further ORDERED that no later than **seven days after the close of discovery**, each party shall file a letter with the Court indicating whether the party intends to file a motion for summary judgment in the case.

It is further ORDERED that either party may request an extension of the dates for the completion of discovery or for pretrial motions, and they will be extended if the party requesting the extension demonstrates that its pursuit of the action has been diligent and that there is a good reason for extending the deadline.  If no extensions are granted, no discovery or pretrial motions will be permitted after the dates specified herein.

It is further ORDERED that failure to comply with any of the terms of this Order may constitute grounds for the denial of requested relief, dismissal of the action, or such other action as may be just in the circumstances.

SO ORDERED:

Dated: April 11, 2025
       New York, New York

JESSE M. FURMAN
United States District Judge