UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
QUAN LUO,                                                              :
:
                    Plaintiff,                                  :
:         18-CV-3101 (JMF)
        -v-                                                           :
:            ORDER
KAIYI INC., et al.,                                                    :
:
                    Defendants.                            :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On April 11, 2025, this Court held a conference with the parties in which Defendant Hang Ying Li — who is not able to communicate fluently in English — appeared without counsel and with her cousin present to interpret for her. Even with her cousin's assistance, Li was unable to communicate effectively with the Court. Accordingly, by Order issued that same day, the Court directed the Clerk of Court to attempt to locate pro bono counsel to represent Li, ECF No. 84, which the Clerk did. After Li met with her prospective pro bono counsel, she sent an email to the Court refusing to be represented by that counsel, casting aspersions on that counsel, and requesting that she be permitted to allow her cousin to serve as her "general power of attorney."[1] That request is denied. The Court cannot and will not allow Li to be represented by any person who is not a lawyer admitted to practice in this Court. *See, e.g.*, *Peker v. Fader*, 965 F. Supp. 454, 456 n.1 (S.D.N.Y. 1997) ("It is well settled that only persons admitted to practice law may represent parties before the Court."); *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 115 F. Supp. 2d 367, 369 (S.D.N.Y. 2000) ("Only attorneys

---

[1] The Court will file and maintain the email under seal given that it casts aspersions on potential pro bono counsel that are irrelevant and may well be baseless. It would be unfair to that pro bono counsel, who was willing to perform a service to the Court, to publicly file the email. Moreover, the particulars of the email are not relevant here.

admitted to practice in this Court may appear on behalf of litigants.").

Li is further admonished that she may not make submissions directly to the undersigned, whether by email or otherwise. Instead, all communications with the Court should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007; or (3) delivering the communication to the *Pro Se* Intake Unit by hand, as provided for in the Court's Individual Rules and Practices.

Finally, unless and until the Court orders otherwise, the parties shall appear for a pretrial conference with the Court on **July 30, 2025, at 3:30 p.m.** The conference will be held in-person in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. To help ensure that the conference proceeds efficiently, the Court will endeavor to arrange for a Mandarin-speaking pro bono representative to appear at the conference for the limited purpose of translating between Mandarin and English for Li. (That representative — or someone associated with that representative — may contact Li in advance of the conference.) Li is cautioned the Court may not be able to arrange for such a representative for future conferences, let alone trial in this matter, and that she may be required to arrange for either English-proficient counsel or a Court-certified interpreter for future conferences and proceedings in this manner. Ultimately, it is Li's responsibility to ensure that she can communicate in Court through an English speaker and, if she is unable to do so, it could result in (re)entry of default judgment against her.

SO ORDERED.

Dated: July 18, 2025
New York, New York

                                                        JESSE M. FURMAN
                                                        United States District Judge