UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
QUAN LUO, *on behalf of himself and others similarly* :
*situated*, :
:
                                 Plaintiff, :              18-CV-3101 (JMF)
:
              -v- :                 ORDER
:
HANG YING LI a/k/a JENNY LI, :
:
                                 Defendant. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On July 25, 2025, the Court received an email from Defendant Hang Ying Li which is attached in redacted form to this Order. The Court (again) admonishes Li that any substantive submissions must be filed with the *Pro Se* Intake Unit, not sent to the Court by email, by either (1) emailing the communication as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007; or (3) delivering the communication to the *Pro Se* Intake Unit by hand, as provided for in the Court's Individual Rules and Practices. Future submissions made directly to Chambers may be disregarded.

      In light of Li's representation that she will be out of the country until August 18, 2025, the conference previously scheduled for July 30, 2025, is hereby ADJOURNED until **September 2, 2025**, at **4:30 p.m.** To be clear, that conference is merely a status conference to discuss the progress of this case and Li's representation by counsel or lack thereof; it is not a trial date. The conference will be held in-person in **Courtroom 24B** of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. (The parties should note that that is the undersigned's new courtroom — and that it is in a different courthouse from the one in which the parties previously appeared.) As stated in the Court's previous Order, ECF No. 88, the Court will arrange for a Mandarin-speaking pro bono representative to appear at the conference for the limited purpose of translating between Mandarin and English for Li.

      SO ORDERED.

Dated: July 29, 2025
       New York, New York

                                                                   JESSE M. FURMAN
                                                         United States District Judge

| | |
|---|---|
| **From:** | Hang Li |
| **To:** | John Troy; troylaw@troypllc.com; docket@troypllc.com; williamwang@troypllc.com; troylegalpllc@gmail.com; aaronschweitzer@troypllc.com; tiffanytroy@troy.com; fuc@mofa.gov.tw; dthomas@troypllc.com |
| **Subject:** | Letter Notice to Demand and Request Unbiased & Equitable Civil Court Proceeding & Fairness Trial RE Luo v Kaiyi INC. et al. having case number 1:18-cv-03101-JMF |
| **Date:** | Friday, July 25, 2025 6:18:58 PM |

**CAUTION - EXTERNAL:**

7/25/2025

Dear Honorable Case Presiding Court Law Professionals, Experts and Sworn Court Officers, Law Makers, and Advocates:

Please be notified that on April 11, 2025, I was told by case presiding court Judge Jesse FURMAN that there will be extra 6 more months for discovery in the matters of Luo v Kaiyi INC. et al. having case number 1:18-cv-03101-JMF. Therefore, I accompanied my three grammar school kids accepted a nonprofit scholarships to participate in STEM projects in China. I left for the overseas Kids Stem program on 7/1/2025 and will not be home to USA until 8/18/2025.

Belligerently move the trial schedule to deliberately deprive Defendant HangYing Li's civil defendant's right to a trial by Jury, and right to subpoena all documents and witnesses in favor of Defendant HangYing Li to the trial in NYC Southern Federal District Court, and to deprive Defendant HangYing Li's right to fairly and equally present the case to the presiding court, it's a travesty of justice. Although it was unclearly to me whether a Civil RICO Codes violation has been engaged in to certain degree, it's not just highly uncivilized but also in actionable conflict of interest by manipulating court proceeding and administrative decisions/orders to exaggerate Plaintiff Lou & John Troy & associates and John Law firm's UC benefits and WorkCom schemes.

Common civilians would be arrested or punished or even jailed for providing false information false statements false written instruments for filing during investigation and in criminal/civil discovery proceeding; even President Trump's attorneys were jailed or punished for their deeds with intent to deceive.

However, it's unclear to me why John Troy & Associates & John Troy Law Firm's deeds of false official statements, false swearing, false pretenses, and perjury were not either punished nor sanctioned but were covered up through injustice and biased court proceeding & administrative privileges.

Per 10 U.S. Code #907-Art. 107. False official statements; false swearing, if the statement is false and at the time of taking the oath, the person does not believe the statement to be true, shall be punished as a court-martial may direct. (Source: Cornell Law School: LII Legal Information Institute. )

Rule 8.4 of the NY Rules of Professional Conduct prohibits lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. This rule applies broadly to a lawyer's professional conduct, and actions like fraud in business dealings can be considered a violation.

The forms, formate, structures, presentations, styles, procedures, and civil proceedings of Plaintiff Luo and his representing attorneys John Troy and Associates and John Troy Law LLP (蔡鴻章律師事務所-將才國際法律事務所） are engaging in deep perjury, dishonesty, including fraud, falsehoods in foreign influence to certain degree even if it outside of the traditional legal practice, they ought to be punished accordingly for causing harms and continuously causing damages to pro se Defendant HangYing Li in Case 1:18-cv-03101-JMF Luo v. Kaiyi Inc. et al.

Particularly, the bar association members and sworn court officers from John Troy Law Firm have been sanctioned by many courts to uphold justice and integrity.

Ms. SIE was the co-owner of Kaiyi Inc and its HR/System and marketing manager and also the individual having $5000 funds parking in my account for emergency use. Ms. Sie's capacity and ability to represent my interest as my Power of Attorney and at her own interest as a reliable and truthful witness in the matters claimed by Plaintiff Lou and John Troy and Associates and John Troy Law Firm should be recognized as fundamental aspect of personal autonomy and decision-making for a broader protections of US Constitution. **particularly to fulfill the Due Process of the protocols of the Fifth and Fourteenth Amendments (due process clauses) and the Ninth Amendment.**

A "fee free attorney" who has refused to represent my best interest in the case is against my civil defendant's best interest. I certainly have the right to refuse such "fee free attorney" appointed by the case presiding court.

Please be notified that restaurant owners who refused to by Advertisements from 大紀元-The Epoch Times or refused to put Shen Yun and Falun Gong poster in the Shen YUN performing season were be threatened with terrible civil with potential criminal litigation matters.

Please be advised that any of the forced entry of orders and statements of the WorkCom and UC benefits claims scheme victims in favor of John Troy and associates and John Troy Law Firm should be suspended by the unbiased trial Court
Supervising Administrators.

Please be advised that ▬▬▬▬▬▬▬▬▬▬ **from Falun Gong 大紀元-The Epoch Times & Shen Yun and Falun Gong associated organizations & publications' deliberately promoted sworn court officer and law office,** ▬▬▬▬▬▬▬▬▬▬ are simply unaccountable, and less reliability and less credibility to be neutral and truthful to engage into the matters brought out by defendants.

Particularly, recent expensive bombarding international phone calls from ▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬ - Law Clerk are very inappropriate and unprofessional in their position as interpreter to the case.

Although from 2012 to 2017 ▬▬▬▬▬▬ served as a forensic auditor and a Special Investigator (state police officer) at the New York State Attorney General, where he investigated Medicare and Medicaid frauds, federal anti-kickback statute violations, money

laundering and structuring, physician, dentist, and nursing home compliance violations, patient and elder abuse cases, control substance cases, and organized crimes, as well as federal RICO and Enterprise Corruption cases, comply with Hugh H Mo 莫虎 in Chinatown American MaZu Foundation INC's WenLan Zheng 鄭文蘭 defrauding a total of 20 million in Money Pooling Clubs collapses cases to willfully degrade the matters from criminal offenses to civil matters to enable an abusive class lawsuit only in Chinese Community to pave a route for Metro City Bank's Bankruptcy case against innocent and irrelevant individual who are not a fan of Falun Gong thing or 大紀元-The Epoch Times & Shen Yun but has stable and higher incomes.

Particularly, recent expensive bombarding international phone calls from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ **are very inappropriate and unprofessional in their position as interpreter to the case.**

**Apparently, what we need is qualified and high quality standard experts, law professionals and truthful sworn court officers.**

**If current case presiding court having difficulties in exercising openness and fairness and unbiased court proceeding for defendants HangYing Li, please remove the case to another court or another jurisdiction which foreign influences and prejudices are not permitted.**

**My demand of the following items from Plainfield and John Troy Law firms and associates and John Troy were not even provided yet, why any reasonable human to agree on such an malicious Civil Trial be deliberately scheduled more than two months ahead of the original ruling.**

**#1:** 黃哲真 家族──蔡鴻章律师楼多次被法庭sanctioned information and cases;
Panora v. Deenora Corp, 521 F. Supp. 3d 177, 180 (E.D.N.Y. 2021) (imposing monetary sanctions against Troy Law);
pdf page 12
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-cv-01382-1.pdf

Previously sanctioned misconduct or bad practice in other cases
A substantial part of defendants' opposition to the fee motion is to note the many cases in which Troy Law has had its fees cut, sanctions imposed, class counsel motions denied, collectives decertified, or other criticisms of its performance. **It is accurate to note that Troy Law has attracted a troublingly high number of reprimands and adverse consequences due to its poor practice.**
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案，但是 没有 提到 蔡鸿章律师楼被sanctioned
链接：
https://casetext.com/case/panora-v-deenora-corp
链接：
https://casetext.com/case/panora-v-deenora-corp-1
链接：
https://casetext.com/case/panora-v-deenora-corp-2

#2: Yu Zhang v. Sabrina USA Inc., No. 18-cv-12332, 2019 WL 6724351, at *3 (S.D.N.Y. Dec. 10, 2019) (noting concerns about "discrepancies regarding key facts that would be difficult to classify as a mere mistake" and that other "evidence in the record further raises questions whether Plaintiff submitted his affidavits in bad faith");
https://casetext.com/case/panora-v-deenora-corp-3

**The Court also notes that this is not the first time Plaintiff's counsel has submitted conflicting sworn testimony.** See, e.g., Gao v. A Canaan Sushi Inc., No. 18-CV-6442 (GBD) (OTW), ECF 29 (S.D.N.Y. July 18, 2019) (noting two affidavits by the same affiant that directly contradict each other); Jianjun Chen v. 2425 Broadway Chao Restaurant, LLC, 331 F.R.D. 568, 573-74 (S.D.N.Y. 2019) (sanctioning Mr. Troy because the plaintiffs' deposition testimony contradicted earlier certified discovery responses); Jianman Jin v. Shanghai Original, Inc., No. 16-CV-5633 (ARR) (JO), 2018 WL 1597389, at *15 (E.D.N.Y. Apr. 2, 2018) (finding "concerning" discrepancy between the plaintiff's sworn affidavit and subsequent deposition testimony).
https://casetext.com/case/zhang-v-sabrina-usa-inc

以下链接有关本案 链接：
https://casetext.com/case/yu-zhang-v-sabrina-usa-inc


#3: Cheng Xia Wang v. Shun Lee Palace Rest.

https://casetext.com/case/cheng-xia-wang-v-shun-lee-palace-rest-10

https://casetext.com/case/cheng-xia-wang-v-shun-lee-palace-rest-12



#4: Leong v. Laundry Depot, LLC
https://casetext.com/case/leong-v-laundry-depot-llc



#5: Zhuang v. Lucky Nail Spa Inc.
https://casetext.com/case/zhuang-v-lucky-nail-spa-inc



#6: Jianmin Jin v. Shanghai Original, Inc.
finding that the "district court acted within its discretion in decertifying the class on the ground that class counsel [Troy Law] was no longer adequately representing the class"
https://casetext.com/case/jianmin-jin-v-shanghai-original-inc#p263

#7: Jianman Jin v. Shanghai Original, Inc., No. 16-cv-5633, 2018 WL 1597389, at *15 (E.D.N.Y. Apr. 2, 2018) (finding "concerning" discrepancy between the plaintiff's sworn affidavit and subsequent deposition testimony);
https://casetext.com/case/panora-v-deenora-corp-3

#8: Gang Li v. The Dolar Shop Rest. Grp.
https://casetext.com/case/gang-li-v-the-dolar-shop-rest-grp-1

#9: Dong Hui Chen v. Thai Greenleaf Rest. Corp.
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-cv-01382-1.pdf

以下链接有关本案，但是 没有 提到 蔡鸿章律师楼被sanctioned
#10: 链接：
https://casetext.com/case/dong-hui-chen-v-thai-greenleaf-rest-corp

#11: 链接：
https://casetext.com/case/dong-hui-chen-v-thai-greenleaf-rest-corp-1

#12:链接：
https://casetext.com/case/dong-hui-chen-v-thai-greenleaf-rest-corp-2

#13:链接：
https://casetext.com/case/dong-hui-chen-v-thai-greenleaf-rest-corp-3

#14: Bao Guo Zhang v. Shun Lee Palace Rest., Inc.

Bao Guo Zhang, 2021 WL 2414872, at *5 (awarding "100% of the reasonable fees and costs incurred as a result of Troy Law's dilatory objections to the settlements")
pdf page 14
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-cv-01382-1.pdf

#15: Bao Guo Zhang v. Shun Lee Palace Rest., Inc., No. 17-cv-00840, 2021 WL 634717, at *18 (S.D.N.Y. Feb. 16, 2021) (ordering Troy Law to show cause why it should not be sanctioned for its "assertion and continuation of meritless claims, " including its objections to the settlements of plaintiffs it does not represent);
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案，但是 没有 提到 蔡鸿章律师楼被sanctioned
#16: 链接:
https://casetext.com/case/zhang-v-shun-lee-palace-rest-inc

#17: 链接:
https://casetext.com/case/zhang-v-shun-lee-palace-rest-inc-1


#18: Jianjun Chen v. 2425 Broadway Chao Rest., LLC

Jianjun Chen v. 2425 Broadway Chao Rest., LLC, 331 F.R.D. 568, 575 (S.D.N.Y. 2019) awarding defendants 100% of the reasonable fees and costs associated with their motion for sanctions, amounting to $49,920.00 against Troy Law))
pdf page 14
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-cv-01382-1.pdf

#19: Jianjun Chen v. 2425 Broadway Chao Rest., LLC, 331 F.R.D. 568, 575 (S.D.N.Y. 2019) (imposing sanctions on John Troy, principal of Troy Law);
pdf page 12
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-cv-01382-1.pdf

#20: Jianjun Chen v. 2425 Broadway Chao Rest., LLC, 331 F.R.D. 568, 575 (S.D.N.Y. 2019) (imposing sanctions for discovery violations against Mr. Troy);
https://casetext.com/case/panora-v-deenora-corp-3


#21:
https://casetext.com/case/chen-v-2425-broadway-chao-rest-llc-2


#22: Ke v. J R Sushi 2 Inc., No. 19CV7332PAEBCM, 2022 WL 1496576, at *15 (S.D.N.Y. Feb. 7, 2022), report and recommendation adopted, No. 19CIV7332PAEBCM, 2022 WL 912231 (S.D.N.Y. Mar. 28, 2022) (awarding a civil non-monetary sanction against Troy Law);
pdf page 12
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-cv-01382-1.pdf

#23:
Yi Mei Ke v. J R Sushi 2 Inc., No. 19-cv-7332, 2021 WL 965037, at *3 (S.D.N.Y. Mar. 15, 2021) (in sanctioning Troy Law, noting that "[s]omething more than a written admonishment is required, however, both to deter repetition of the misconduct and to protect Troy Law's potential future clients");
https://casetext.com/case/panora-v-deenora-corp-3

#23:

https://casetext.com/case/yimei-ke-v-j-r-sushi-2-inc

#24:

https://casetext.com/case/yi-mei-ke-v-j-r-sushi-2-inc-1

#25:
Jianjun Chen v. WMK 89th St. LLC, No. 1:16-CV-5735-GHW, 2020 WL 2571010, at *10 (S.D.N.Y. May 20, 2020) (imposing monetary sanctions against Troy Law);
pdf page 12
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-cv-01382-1.pdf

#26:
Jianshe Guo v. A Canaan Sushi Inc., No. 18-CV-4147 (JMF), 2019 WL 1507900, at *5 (S.D.N.Y. Apr. 5, 2019) (imposing monetary sanctions against John Troy and Mr. Schweitzer).
pdf page 12
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-cv-01382-1.pdf

#27:
Guangqing Lin v. Teng Fei Rest. Grp. Inc., No. 17CV1774 (DF), 2020 WL 264407, at *5(S.D.N.Y. Jan. 17, 2020), reconsideration denied, No. 17CV1774 (DF), 2020 WL 429128 (S.D.N.Y. Jan.27, 2020) (ordering Troy Law and Mr. Schweitzer each pay a civil monetary sanction);
pdf page 12
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-

cv-01382-1.pdf

#28:
Chun Lan Guan v. Long Island Bus. Inst., Inc., No. 15CV2215CBAVMS, 2019 WL 3807455, at *3 (E.D.N.Y. Aug. 13, 2019) (affirming recommendation of monetary sanctions against Troy Law);
pdf page 12
https://www.govinfo.gov/content/pkg/USCOURTS-nyed-2_21-cv-01382/pdf/USCOURTS-nyed-2_21-cv-01382-1.pdf

#29:
Feng Lin v. Quality Woods, Inc.

Lin v. Quality Woods, Inc., No. 17-cv-3043, 2021 WL 2343179, at *8 (E.D.N.Y. June 4, 2021) (directing Troy Law to show cause why sanctions should not be imposed for, among other conduct, "doubling down on bad faith assertions")
https://casetext.com/case/panora-v-deenora-corp-3

#30:
Feng Lin v. Quality Woods, Inc., No. 17-cv-3043, at *3-6 (E.D.N.Y. Jan. 28, 2019) (finding that service was not properly made on all defendants and observing that "[t]his is not the first time th[e] Court has raised serious questions about the submissions made by Troy");
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案，但是 没有 提到 蔡鸿章律师楼被sanctioned
#31: 链接:
https://casetext.com/case/feng-lin-v-quality-woods-inc

#32:
Shi Ming Chen v. Hunan Manor Enter., Inc., No. 17-cv-802, 2021 WL 2282642, at *8 (S.D.N.Y. June 4, 2021) (denying plaintiff's motion for Rule 23 class certification as "[g]iven the litigation history of Troy and Troy Law in this Circuit as well as conduct throughout the present litigation, we cannot find Troy or Troy Law will serve as adequate class counsel");
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案
#33: 链接:
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-1

#34: 链接:
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-2

#35: 链接:
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-3

#36: 链接:
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-4

#37: 链接:

https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-5

#38: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-6

#39: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-7

#40: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-8

#41: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-9

#42: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-10

#43: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-11

#44: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-12

#45: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-13

#46: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-14

#47: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-15

#48: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-16

#49: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-17

#50: 链接：
https://casetext.com/case/shi-ming-chen-v-hunan-manor-enter-18

#51:
Rodpracha v. Pongsri Thai Rest. Corp., No. 14-cv-02451, 2021 WL 1733515, at *2 (S.D.N.Y. Mar. 22, 2021) (finding Troy Law inadequate to represent the putative class and noting that the Court "shares the broader concern that has been expressed by other judges, in this district and elsewhere, that, regardless of its professed level of experience in wage-and-hour cases, Troy Law has shown a tendency towards prejudicial neglect of its clients' interests");
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案
#52:链接:
https://casetext.com/case/rodpracha-v-pongsri-thai-rest-corp

#53:链接:
https://casetext.com/case/rodpracha-v-pongsri-thai-rest-corp-1


#54:
Ji Li v. New Ichiro Sushi, Inc., No. 14-cv-10242, 2020 WL 2094095, at *10, 12 (S.D.N.Y. Apr. 30, 2020) (issuing sanctions where the Court found that Troy Law's continued pursuit of "entirely meritless" claims were "in bad faith" and "improper[]");
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案
#55: 链接:
https://casetext.com/case/li-v-new-ichiro-sushi-inc

#56:链接:
https://casetext.com/case/ji-li-v-new-ichiro-sushi-inc


#57:
Yuajian Lin v. La Vie En Schezuan Rest. Corp., No. 15-cv-9507, 2020 WL 1819941(S.D.N.Y. Apr. 9, 2020) (reducing Mr. Troy's hourly rate due to performance issues and noting that courts have reduced Mr. Troy's requested rate a number of times "where Troy's performance at trial demonstrated a lack of skill and/or professionalism.");
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案
#58:链接:
https://casetext.com/case/lin-v-la-vie-en-schezuan-rest-corp

#59:链接:
https://casetext.com/case/yuajian-lin-v-la-vie-en-szechuan-rest-corp

#60:
Guangqing Lin v. Teng Fei Rest. Grp. Inc., No. 17-cv-17742020, WL 264407, at *3 (S.D.N.Y. Jan. 17, 2020) (sanctioning Troy Law and attorney Schweitzer for repeated "noncompliance with court-ordered deadlines");
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案
#61: 链接：
https://casetext.com/case/guangqing-lin-v-teng-fei-rest-grp-1

#62:链接：
https://casetext.com/case/guangqing-lin-v-teng-fei-rest-grp

#63: Shiqiu Chen v. H.B. Rest. Grp., Inc., No. 16-cv-2005, 2020 WL 115279, at *12 n.20 (S.D.N.Y. Jan. 9, 2020) (observing this was "yet another instance in which ... Troy Law PLLC has submitted conflicting sworn testimony" and that "[t]his course of conduct raises concerns about counsel's diligence in meeting ethical obligations to sufficiently investigate matters before they are filed and to guard against and take appropriate action with respect to submission of false testimony") (punctuation omitted);

#64:链接：
https://casetext.com/case/panora-v-deenora-corp-3

#65:链接：
https://casetext.com/case/chen-v-hb-rest-grp

#66: 链接：
Ruixuan Cui v. E. Palace One, Inc., No. 17-cv-6713, 2019 WL 4573226, at *4, *6 (S.D.N.Y. Sept. 20, 2019) (reciting accusations from defendants that the plaintiff baselessly brought wage-and-hour claims against unrelated defendants, including that he "merely brought claims against individuals whose 'names somehow appear in public records of numerous dissolved corporations'");
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案
#67: 链接：：
https://casetext.com/case/cui-v-e-palace-one-inc

#68: 链接：
https://casetext.com/case/cui-v-e-palace-one-inc-1

#69: 链接：
Chun Lan Guan v. Long Island Bus. Inst., Inc., No. 15-cv-2215, 2019 WL 3807455, at *1 (E.D.N.Y. Aug. 13, 2019) (upholding monetary sanctions where Troy Law "failed three times to submit a draft joint pretrial order ('JPTO') to Defendants' counsel that complied with this Court's individual rules, in accordance with the deadlines set by Magistrate Judge Scanlon");
链接：
https://casetext.com/case/panora-v-deenora-corp-3

#70: 链接：
https://casetext.com/case/guan-v-long-island-bus-inst-inc-2

以下链接有关本案，但是没有提到 蔡鸿章律师楼被sanctioned
#71: 链接：
https://casetext.com/case/guan-v-long-island-bus-inst-inc

#72: 链接：
https://casetext.com/case/guan-v-long-island-bus-inst-inc-1

#73: 链接：
Shanfa Li v. Chinatown Take-Out Inc., No. 16-cv-7787, 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019) (reducing Mr. Troy's fee from his requested rate to $300 an hour where he "repeatedly interrupted the Court, was disrespectful, and struggled to pose clear questions"); https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案，
#74: 链接：
https://casetext.com/case/li-v-chinatown-take-out-inc-1

#75: 链接：
https://casetext.com/case/li-v-chinatown-take-out-inc-2

#76: 链接：
Jianshe Guo v. A Canaan Sushi Inc., No. 18-cv-4147, 2019 WL 1507900, at *4 (S.D.N.Y. Apr. 5, 2019) (dismissing case for failure to prosecute and assessing a monetary sanction because Troy Law and attorney Schweitzer "repeatedly failed to comply with this Court's deadlines, despite extensive experience with this Court and in this District");
链接：
https://casetext.com/case/panora-v-deenora-corp-3

#77: 链接：
https://casetext.com/case/guo-v-a-canaan-sushi-inc


#78: 链接：
Hui Luo v. L & S Acupuncture, P.C., No. 14-cv-1003, 2015 WL 1954468, at *2 (E.D.N.Y. Apr. 29, 2015) (noting that court could not justify a rate for Troy in excess of $300 per hour, where "[t]he trial was very rough in terms of demonstrating Mr. Troy's ability to formulate questions according to the rules of evidence").
链接：
https://casetext.com/case/panora-v-deenora-corp-3

#79: 链接：
https://casetext.com/case/luo-v-ls-acupuncture-pc


以下链接有关本案，
#80: 链接：
https://casetext.com/case/luo-v-ls-acupuncture-pc-1


#81: 链接：
SHIQIANG GAO v. A Canaan Sushi

Additionally, Plaintiff's counsel (Mr. Chen, Mr. Troy, and Mr. Schweitzer) were held jointly and severally liable for $2,000 as a sanction for failure to adhere to Court deadlines and were warned to mark as related any new suit filed on Mr. Guo's behalf. Id., 2019 WL 1507900, at *5.
https://casetext.com/case/gao-v-a-canaan-sushi



#82: 链接：
Hue Huang v. Shanghai City Corp.

After it named them as plaintiffs, the Troy Law Firm itself has been sanctioned for

their failure to attend depositions and the Troy Law Firm's inability to justify the nonattendance.
Courts in this District have recognized that the Troy Law Firm "has consistently demonstrated its inadequacy as class counsel in several previous cases, in which it has been sanctioned or reprimanded for its inability to represent class plaintiffs zealously and competently in other FLSA and NYLL cases."
https://casetext.com/case/hue-huang-v-shanghai-city-corp

#83: 链接:
Huang v. Shanghai City Corp., No. 19-cv-7702, 2022 WL 1468450, at *20 (S.D.N.Y. May 10, 2022) (denying class certification because "[t]he Troy Law Firm has not acted as an adequate fiduciary for members of the putative class," as demonstrated by multiple sanctions against the firm and its clients in that case)
https://casetext.com/case/leong-v-laundry-depot-llc

#84:
Shi Ming Chen v. A Taste of Mao, Inc., 2021 WL 3727093, at *1 (S.D.N.Y. Aug. 20, 2021).

Chen v. A Taste of Mao, Inc., No. 17-cv-802, 2021 WL 3727093, at *1 (S.D.N.Y. Aug. 20, 2021) (denying class certification because "the Troy Firm has consistently demonstrated its inadequacy as class counsel in several previous cases, in which it has been sanctioned or reprimanded for its inability to represent class plaintiffs zealously and competently in other FLSA and NYLL cases" and had, in that particular case, "fail[ed] to comply with court rules and deadlines")
https://casetext.com/case/leong-v-laundry-depot-llc

#85: 链接:
Rodpracha v. Pongsri Thai Rest. Corp.

Rodpracha v. Pongsri Thai Rest. Corp., No. 14-cv-2451, 2021 WL 1733515, at *2 (S.D.N.Y. Mar. 22, 2021) (removing Troy Law Firm as class counsel due to "myriad performance issues" and because "regardless of its professed level of experience in wage-and-hour cases, Troy Law has shown a tendency towards prejudicial neglect of its clients' interests").
https://www.casemine.com/judgement/us/627083e6714d58c8551ad45e

#86: 链接:
Rodpracha v. Pongsri Thai Rest. Corp., No. 14-cv-02451, 2021 WL 1733515, at *2 (S.D.N.Y. Mar. 22, 2021) (finding Troy Law inadequate to represent the putative class

Case 1:18-cv-03101-JMF   Document 90   Filed 07/29/25   Page 16 of 19

and noting that the Court "shares the broader concern that has been expressed by other judges, in this district and elsewhere, that, regardless of its professed level of experience in wage-and-hour cases, Troy Law has shown a tendency towards prejudicial neglect of its clients' interests");
https://casetext.com/case/panora-v-deenora-corp-3

以下链接有关本案
#87: 链接:
https://casetext.com/case/rodpracha-v-pongsri-thai-rest-corp

#88: 链接:
https://casetext.com/case/rodpracha-v-pongsri-thai-rest-corp-1

#89: 链接:
Chunyung Cheng v. Via Quadronno LLC

Several months before that request, Judge Cogan in the Eastern District of New York had sanctioned Plaintiffs' Counsel for using the logo of the defendants in that case on the envelope without permission of the defendants or authorization of the Court. Dkt. No. 73 at 7-8.
https://casetext.com/case/chunyung-cheng-v-via-quadronno-llc-1

#90: 链接:
Lin v. Teng Fei Rest. Grp.

ordering Troy Law and Mr. Schweitzer each pay a civil monetary sanction
https://casetext.com/case/lin-v-teng-fei-rest-grp

**Respectfully Submitted,**

**Pro Se Defendant, HangYing Li**

IMG_0621.jpg



HangYing Li Pro Se Defendant
 Email:hli921135@gmail.com
Address : 14 Aberdeen rd  Westbury NY 11590
Tel:    347-653-9855



Cc: Honorable Chief Judge Laura Taylor Swain at Southern District of New York via  SwainNYSDCorresp@nysd.uscourts.gov Southern District of New York Law Clerk Tammi M. Hellwig  (via    Tammi_Hellwig@nysd.uscourts.govHonorable Chief Judge Debra Ann Livingston at United States Court of Appeals for the Second Circuit. via Catherine O'Hagan

Wolfe, Clerk of Court        catherine_wolfe@ca2.uscourts.gov Chief Justice of the United States Honorable Judge John G. Roberts, Jr via pio@supremecourt.gov New York City Bar Association President Faridi Muhammad via muhammad.faridi@linklaters.com New York City Bar Association COMMITTEE ON FEDERAL COURTS Chair Richard Hong at 大成律师事务所 Dentons via  richard.hong@dentons.com 备注： 大成律师事务所 公开抹黑新疆问题 大成律师事务所的合作伙伴——谢逸伟的老雇主 加拿大 逻盛律师事务所 New York State Bar Association  President Kathleen Marie Sweet via ksweet@gmclaw.com United States Congress Committee on the Judiciary Chair Senator Chuck Grassley via jennifer_heins@grassley.senate.gov, james_rice@grassley.senate.gov United States Congress Committee on the Judiciary Chair Congressman Jim Jordan via kevin.eichinger@mail.house.gov, jared.dilley@mail.house.gov New York State Attorney General Letitia James via Letitia.james@ag.ny.gov Homeland Security Secretary  Kristi Noem via  kristi.noem@hq.dhs.gov ICE Acting Director Todd M. Lyons via  todd.m.lyons@ice.dhs.go

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.