UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

QUAN LUO, *on behalf of himself and others similarly situated*,

Plaintiff,

-v-

HANG YING LI a/k/a JENNY LI,

Defendant.

---------------------------------------------------------------------X

18-CV-3101 (JMF)

MEMORANDUM OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Quan Luo filed this action against Defendants Kaiyi Inc., Xiang Zhuang Chen, and Hang Ying Li (also known as Jenny Li), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.*, and New York law. *See* ECF No. 1. On October 25, 2018, after Defendants failed to appear, the Court entered default judgment. *See* ECF No. 37. Nearly six years later, Li, proceeding without counsel, moved to vacate the default judgment against her and, in an Opinion and Order entered on November 27, 2024, familiarity with which is assumed, the Court granted her motion. *See Luo v. Kaiyi Inc.*, No. 18-CV-3101 (JMF), 2024 WL 4904644, at *4-5 (S.D.N.Y. Nov. 27, 2024). Alleging that Li has since failed to comply with her discovery obligations, Luo now moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to strike her answer or, in the alternative, for an adverse inference instruction at trial. *See* ECF No. 104. For the reasons that follow, the Court grants Li **one final opportunity** to comply with her discovery obligations and this Court's orders and, thus, denies Luo's motion without prejudice to renewal. If Li fails to comply with the terms of this Order, however, the Court will likely strike her Answer and (re)enter default judgment against her.

**BACKGROUND**

As noted, on November 27, 2024, the Court vacated the entry of default judgment against Li and reopened this case. *See Luo*, 2024 WL 4904644, at *4-5. In April 2025, after failed efforts to settle the matter, discovery commenced, with a deadline set for October 11, 2025. *See* ECF No. 84. On August 13, 2025, Luo served several discovery requests on Li, including requests for production ("RFP"), interrogatories, and a notice of deposition for September 16, 2025, at the offices of Luo's counsel. *See* ECF No. 104-8 ("Pl.'s Mem."), at 9; ECF Nos. 101-1 through 4. In the weeks that followed, Li responded to the RFPs, averring, in sum and substance, that she was not in possession of any responsive documents. *See* ECF No. 101-5; ECF No. 104-6 ("RFP Response").[1] But she did not respond to Luo's interrogatories. *See, e.g.*, ECF No. 101-5 (following up regarding unanswered interrogatories). She also demanded that the deposition be held at the offices of MGR Reporting ("MGR") rather than the offices of Luo's counsel, *see* ECF No. 104-3, at 2, and otherwise declined to work with opposing counsel to find a mutually agreeable deposition site, *see, e.g.*, ECF No. 104-5, at 2-3; RFP Response 40-41.

On September 2, 2025, after Luo raised these discovery issues at a conference, the Court "admonished" Li to respond to any outstanding discovery requests by September 12, 2025, and ordered the parties to "promptly confer and find times and places for the depositions of Li and Plaintiff that are acceptable to both parties." ECF No. 92 ("Sept. 2, 2025 Order"), at 1. The Court also extended the discovery deadline to November 12, 2025, warning that "[f]ailure to comply with any of the terms of this Order may constitute grounds for the denial of requested relief, dismissal of the action, entry of default, or such other action as may be just in the

[1] References to page numbers in ECF Nos. 101-6, 101-8 through 11, 103, 104-3, 104-5, and 104-6 are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

circumstances." *Id.* at 2. Shortly thereafter, Luo re-served the outstanding interrogatories on Li, clarifying once again that the request was "separate and different" from the prior RFPs. ECF No. 101-1. To date, however, Li has not responded to the interrogatories. *See* ECF No. 101, at 1. Luo's counsel also emailed Li proposing October 2025 dates for the deposition and offering to conduct it via Zoom "as the neutral location." ECF No. 101-6, at 2-3. But Li rejected the proposal, indicating that a Zoom deposition was "unnecessary and inappropriate in such a complicated [e]mployment violation matter[]." *Id.* at 2. Instead, Li asserted that a third-party entity agreed to cover the costs of both her and Luo's depositions and directed Luo's counsel to contact MGR Reporting for scheduling. *See id.* at 2. In response, Luo's counsel reiterated the suggested October dates; reminded Li that, in light of the Court's September 2, 2025 Order, "the deposition site should be something other than MGR or [the offices of Luo's counsel]"; and invited her to propose an alternative location if she found Zoom unsatisfactory. *Id.* at 1.[2]

By late October 2025, with no response apparently forthcoming (or at least, no adequate response), Luo's counsel followed up with Li once again, reiterating his request for deposition dates. *See* ECF No. 101-7. Once again, Li met counsel's request with swift and continued insistence that he contact MGR Reporting to schedule the pending deposition. *See* ECF No. 101-8, at 1-3. Although opposing counsel attempted to schedule Li's deposition once more after this

[2] At the same time, Luo's counsel subpoenaed Li's cousin, Kanghua Sie (also known as Sophie Sie), who, per Li's own discovery responses, appears to have potentially relevant information. *See, e.g.*, ECF No. 104-6 ("RFP Response"), at 16-39; *see also* ECF No. 85 (noting that Sophie Sie assisted Li as a translator at the initial pretrial conference); ECF No. 88 (noting that Li appeared with her cousin present to interpret for her at the initial pretrial conference). Although Luo's counsel attempted to depose Sie at a different reporting agency, *see* ECF No. 101-9, at 1; ECF No. 101-10, at 1, 17, Sie produced no documents and likewise insisted on being deposed at MGR Reporting, *see* ECF No. 104-8 ("Pl.'s Mem."), at 5; ECF No. 104-1 ("Troy Decl."), ¶ 14; ECF No. 101-11, at 2, 8-9.

response, *see id.* at 1, his efforts were unavailing. Accordingly, by the time the November 12, 2025 discovery deadline rolled around, Li's deposition had not been taken.

A little less than two weeks later, Luo's counsel attempted to confer with Li regarding, among other things, her outstanding discovery. *See* ECF No. 104-1 ("Troy Decl."), ¶ 15; ECF No. 101. But Li hung up without giving her position. *See* Troy Decl. ¶ 15; ECF No. 101. In response to Luo's subsequent letter to the Court expressing interest in moving for discovery sanctions, *see* ECF No. 101, Li stated that Luo had improperly "persisted" in his request to hold the deposition "in places that were directly or indirectly controlled or influenced" by his counsel. ECF No. 103, at 5. She reiterated that "it's none [sic] negotiable to hold production and deposition in a recognized neutral legal service place, like MGR Reporting." *Id.* Thereafter, on December 23, 2025, Luo filed the instant motion, seeking — as a Rule 37 discovery sanction — to strike Li's Answer or, alternatively, to draw certain inferences against her at trial. *See* ECF No. 104.

## DISCUSSION

It is well established that "all litigants, including [those proceeding] *pro* se[], have an obligation to comply with court orders, and failure to comply may result in sanctions." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (cleaned up). More specifically, Rule 37(b) gives a court wide discretion to impose sanctions on a party who "fails to obey an order to provide or permit discovery," FED. R. CIV. P. 37(b)(2)(A), and Rule 37(d) allows a court to impose sanctions if a party fails to respond to properly served interrogatories or to attend a deposition of that party, FED. R. CIV. P. 37(d)(1)(a). Such sanctions include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." FED. R. CIV. P. 37(b)(2)(A)(iii), (vi); *see* FED. R. CIV. P. 37(d)(3) (providing that Rule 37(d) sanctions

"may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)"). In determining the appropriate sanction, a district court should consider: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (internal quotation marks omitted); *see also Agiwal*, 555 F.3d at 302. Sanctions such as striking a pleading and entering default judgment are considered "drastic remed[ies]," but they may nonetheless be appropriate "when the [Court] has considered lesser alternatives," and the noncompliance "was due to willfulness, bad faith, or any fault of the party sanctioned." *S. New England Tel.*, 624 F.3d at 144 (internal quotation marks omitted).

Applying these standards here, the Court concludes that Li should be given one final chance to cure her noncompliance. As explained, the Court's September 2, 2025 Order ordered Li to respond to any outstanding discovery requests — most notably, the interrogatories — no later than September 12, 2025, and to work with Luo to "find times and places for the depositions of Li and Plaintiff that are acceptable to both parties." Sept. 2, 2025 Order 1. Li did neither. To date — that is, nearly eleven months since the Court's September 2025 deadline — she has not responded to the interrogatories. And both during and since the close of discovery in November 2025, Li has failed to cooperate in scheduling her deposition — unreasonably insisting on holding it at her preferred location and repeatedly refusing to provide her availability. *See, e.g.*, ECF No. 101-6, at 2; ECF No. 101-8, at 1-3; ECF No. 103, at 5; *see also, e.g.*, *Doe v. Delta Airlines, Inc.*, No. 13-CV-6287 (PAE), 2015 WL 798031, at *10 (S.D.N.Y. Feb. 25, 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) ("[C]ourts . . . have found noncompliance for a period of several months sufficient to warrant dismissal or default." (collecting cases)).

This is so despite being on notice that failure to comply could result in sanctions up to and including the entry of default. Indeed, Luo put her on notice of this prospect through his November 11, 2025 letter, *see* ECF No. 101, and again through this motion. And the Court expressly warned in its September 2, 2025 Order that continuing noncompliance might "constitute grounds for," among other things, "entry of default." Sept. 2, 2025 Order 2; *see also* ECF No. 84 (cautioning, in setting the original discovery schedule, that "failure to comply with any of the terms of this Order may constitute grounds for the denial of requested relief, dismissal of the action, or such other action as may be just in the circumstances").

Moreover, Li's noncompliance is plainly willful. "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 360 (S.D.N.Y. 2023) (internal quotation marks omitted). The Court's instructions were simple and clear. And to the extent it could be argued that Li's limited English-language skills hindered her ability to comprehend those instructions, *see, e.g.*, ECF No. 84, at 1 (noting this limitation), it bears noting that the Court had explained them to Li in the conference preceding the entry of the September 2, 2025, Order in the presence of an interpreter. Luo also reminded Li of the Court's instructions after the Order's entry. *See, e.g.*, ECF No. 101-1; ECF No. 101-6, at 1-3. But she still failed to comply, seriously frustrating the progress of the case. And making matters worse, Li's opposition to Luo's sanctions motion offers no explanation for her conduct. *See* ECF No. 109 ("Def.'s Opp'n").[3] And even assuming the language barrier limited her ability to

[3] Li's opposition largely reproduces (1) Li's prior RFP response, ECF No. 109 ("Def.'s Opp'n"), at 1-38; (2) an affidavit previously submitted by defaulting codefendant Xiang Zhuang Chen that goes to the merits of this action, *see id.* at 38-41; *see also* ECF No. 107, and (3) an

communicate the basis for her noncompliance, after she refused the representation of Court-appointed pro bono counsel, the Court cautioned that it is ultimately Li's "responsibility to ensure that she can communicate in Court through an English speaker and, if she is unable to do so, it could result in (re)entry of default judgment against her." ECF No. 88, at 2.

In light of the above, as well as Li's noncompliance with other Court orders, *see, e.g.*, ECF Nos. 90, 102; *see also J.C. v. Zimmerman*, 150 F.4th 136, 146 (2d Cir. 2025) ("Once Rule 37 is triggered, the district court is free to consider the full record in the case in order to select the appropriate sanction." (cleaned up)), the Court has serious doubts that sanctions short of striking Li's Answer will prove efficacious. That said, because she is proceeding without counsel, the Court has issued only one clear warning thus far, and she has not altogether failed to appear or defend this action, the Court will grant Li **one final opportunity** to comply with her discovery obligations and this Court's Orders. *Cf., e.g.*, *Kash Advance, LLC v. C&C Residential Props. Inc.*, No. 24-CV-6351 (CS), 2025 WL 3678136, at *2 (S.D.N.Y. Dec. 18, 2025) (striking a *pro se* defendant's answer and ordering an entry of default where he, along with the corporate defendants, "ha[d] done nearly nothing to defend [the] case since its inception, despite numerous reminders from both [the] [p]laintiff and the Court about [his] discovery obligations"); *In re Keurig*, 673 F. Supp. 3d at 364 (collecting cases, including some against *pro se* defendants, in which courts had "entered default judgments or dismissed claims as sanctions for . . . entirely fail[ing] to participate in discovery, appear at depositions, attend court conferences, or provide any justification for noncompliance"); *Manigaulte v. C.W. Post of Long Island Univ.*, 533 F. App'x 4, 6 & n.3 (2d Cir. 2013) (summary order) (affirming a district court's dismissal of a *pro*

---

open letter authored by Li's cousin that, among other things, casts aspersions on opposing counsel for refusing to hold the deposition at MGR Reporting, *see* Def.'s Opp'n 40-44.

*se* plaintiff's claim where the plaintiff, in spite of court orders, refused to attend his deposition on multiple occasions over a span of one year).

Accordingly, the Court denies Luo's sanctions motion at this time.[4] Instead, **no later than August 10, 2026,** Luo shall re-serve the outstanding interrogatories on Li. And **no later than September 3, 2026,** Li shall fully respond to those interrogatories **and** sit for a deposition in the offices of Luo's counsel. To that end, **no later than August 6, 2026**, Luo's counsel shall propose in writing to Li three dates and times for the deposition, and **no later than August 11, 2026,** Li shall choose one of those three dates and confirm her choice in writing. **Within one week of Li's deposition or September 10, 2026, whichever is earlier**, Luo shall file a letter updating the Court on Li's compliance and proposing next steps.

For the avoidance of doubt: If Li fails to comply with any of the terms of this Order, the Court **will almost certainly impose sanctions on Li, up to and including striking her Answer and entering default judgment against her**. Albeit harsh, such sanctions "may nonetheless be necessary . . . when a party substantially delays discovery by engaging in persistent noncompliance with discovery obligations or by declining to participate further in discovery." *Kash Advance*, 2025 WL 3678136, at *2 (cleaned up).

---

[4] "[S]ubsections (b) and (d) [of Rule 37] both require the court to 'order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Cadet v. All. Nursing Staffing of New York, Inc.*, No. 21-CV-3994 (KPF), 2024 WL 81487, at *7 (S.D.N.Y. Jan. 8, 2024) (quoting FED. R. CIV. P. 37(b)(2)(C)). But Luo does not seek monetary sanctions here. Moreover, Li appears unable to pay monetary sanctions. *See* ECF No. 84, at 3 ("accept[ing] [Li's] representation" that she "could not afford counsel" and finding that "she qualifies as indigent"). Accordingly, and because the Court is denying the sanctions motion without prejudice, the Court declines to impose monetary sanctions for Li's noncompliance to date. *See, e.g.*, *Cadet*, 2024 WL 81487, at *12 (observing that "courts in this Circuit have regularly found the imposition of Rule 37 monetary sanctions to be unwarranted" when the plaintiff is "proceeding *pro se* and *in forma pauperis*" (collecting cases)).

## CONCLUSION

In sum, Luo's motion for Rule 37 sanctions is DENIED at this time. **The Court grants Li one final opportunity to comply with her discovery obligations and the Court's Orders as set forth herein.** If she fails to do so, the Court will likely strike her Answer and (re)enter default judgment against her.

The Clerk of Court is directed to terminate ECF Nos. 104 and 108. As Li previously consented to receive electronic notice via the ECF system, *see* ECF No. 99, there is no need to mail a copy of this Memorandum Opinion and Order to her.

SO ORDERED.

Dated: August 3, 2026
New York, New York

JESSE M. FURMAN
United States District Judge