UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

QUAN LUO, *on behalf of himself and others similarly situated*,

Plaintiff,

-v-

HANG YING LI a/k/a JENNY LI,

Defendant.

---------------------------------------------------------------------X

18-CV-3101 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On October 21, 2026, the Court issued an Order directing Defendant Hang Ying Li (also known as Jenny Li), who proceeds here without counsel, to "cure any and all deficiencies identified in Plaintiff's September 14, 2026 and October 14, 2026 Deficiency Letters" no later than November 2, 2026. ECF No. 126, at 2. The Court also directed Plaintiff to file a status letter by November 5, 2026, informing the Court of whether Li complied with its Order by the deadline imposed. *Id.* And the Court advised Plaintiff that, "if Li fail[ed] to comply with [the October 21] Order, . . . Plaintiff [would be] invited to file a motion for case-terminating sanctions against Li on or before November 23, 2026." *Id.* Finally, the Court also "warned" Li that "if she fail[ed] to comply with her obligations, including her obligation to comply with this Order, the Court [would] almost certainly impose sanctions on her, up to and including striking her Answer and entering default judgment against her." *Id.*

On November 2, 2026 — the Court's deadline for Li to comply with its October 21 Order — Li submitted a motion for reconsideration of that Order. ECF No. 127. As Li presents no valid grounds for reconsideration, the motion is DENIED. *See, e.g.*, *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (cleaned up)).

Further, on November 5, 2026, Plaintiff submitted a status update informing the Court that Li failed to comply with its October 21 Order. *See* ECF No. 128 ("Respectfully, Li's submission does not substantively address or cure the outstanding discovery deficiencies identified in Plaintiff's September 14, 2026 and October 14, 2026 Deficiency Letters. Rather than providing supplemental discovery responses or producing the outstanding responsive documents, Defendant merely reiterates her objections and challenges Plaintiff's underlying

claims."). In accordance with the October 21 Order, Plaintiff shall file any motion for case-terminating sanctions against Li **on or before November 23, 2026**. In the event that Plaintiff files such a motion, Li shall file any opposition **within two weeks of the motion being filed**; any reply shall be filed **within one week of the opposition**.

The Clerk of Court is directed to terminate ECF No. 127.

SO ORDERED.

Dated: November 5, 2026
New York, New York

JESSE M. FURMAN
United States District Judge